UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JASON WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>VALENTINE & KEBARTAS, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-00997<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes JASON WALLACE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of VALENTINE & KEBARTAS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

### PARTIES

1

4. Plaintiff is a natural person over 18 years-of-age residing in Fairview Heights, Illinois, which lies within the Southern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third party debt collector that "provides collection services to public and private sector clients."[1] Defendant is a limited liability company organized under the laws of the state of Massachusetts with its principal place of business located at 15 Union Street, Unit 6, Lawrence, Massachusetts.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

10. Upon information and belief, the subject debt stems from a purported obligation Plaintiff incurred in connection with making retail purchases from Zales.

11. Upon information and belief, Defendant was assigned the subject consumer debt for collection purposes, sometime after Plaintiff defaulted on the subject consumer debt.

12. On or about September 16, 2020, Defendant sent Plaintiff a collection letter ("Collection Letter") attempting to collect upon the subject debt.

13. The Collection Letter was the first correspondence Plaintiff received from Defendant in connection with the subject debt.

---

[1] https://valentineandkebartas.com/

2

14. As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the Collection Letter attempts to provide the information required to be included in a debt collector's initial written communication with a consumer pursuant to 15 U.S.C. § 1692g(a).

15. However, Defendant's Collection Letter fails to clearly indicate the specific entity to whom the debt is owed.

16. Defendant's collection letter identifies the "Current Creditor" of the subject debt as "WSFS FSB, as Trustee for CVI," while identifying the "Original Creditor" as "Zale Delaware, Inc."

17. Plaintiff, upon reading Defendant's collection letter, was confused by what entity "WSFS FSB" was, as he had never before encountered this acronym before in connection with the subject debt. Plaintiff was even more confused about how this unknown entity could be acting as "Trustee" for anyone, let alone trustee for "CVI" – another entity that Plaintiff was unable to identify based on the nature of Defendant's disclosure.

18. At no point does Defendant's collection letter clarify who WSFS, FSB is, or who CVI is.

19. Instead, Defendant's collection letter states "[w]e have been asked to contact you to arrange a resolution of your delinquent account. According to our records, full payment of your account is long overdue. Please contact our office . . . ."

20. The remaining portion of the collection letter advises that Plaintiff can make payment on the subject debt to Defendant, and provides the disclosure required by 15 U.S.C. § 1692g(a)(3)-(5) and § 1692e(11).

21. As such, Defendant's collection letter failed to identify the creditor to whom the subject debt was owed, as Plaintiff was left thoroughly confused and was forced to guess as to whom the subject debt was owed at the time Defendant sent the collection letter to Plaintiff.

22. This deficient identification misled and deceived Plaintiff as he was unsure as to the precise entity to whom she is said to owe the subject consumer debt, and similarly leaves the unsophisticated consumer, who may lose bills and forget about debts, confused and unsure about the precise entity to whom any debt would be owed.

23. Defendant's deficient identification further caused Plaintiff to question the legitimacy of Defendant's collection efforts, as he was deprived substantive information which would have allowed him to go about charting and intelligent response to Defendant's collection efforts.

24. Confused and concerned by the nature of Defendant's Collection Letter, Plaintiff spoke with counsel regarding his rights, resulting in lost time and the incursion of expenses.

25. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, deprivation the ability to intelligently address the subject debt given Defendant's violations of law, distress stemming from dealing with Defendant's misleading and deceptive behavior, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant further is a business the principal purpose of which is to collect debts owed to Defendant's clients.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. Medical bills incurred for personal purposes constitute a "debt" under the FDCPA.

### a. Violations of 15 U.S.C. §1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) through the deficient identification of the creditor to whom the subject debt was owed in the Collection Letter it sent Plaintiff. Defendant's failure to clearly identify the entity to whom the debt was owed misled and deceived Plaintiff as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts, which constitute a material misrepresentation as it impacted the nature of Plaintiff's response to Defendant's collection efforts.

### b. Violations of the FDCPA § 1692g

34. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, in their initial written communication with consumers, provide consumers with various pieces of information regarding the debt and a consumer's rights to seek validation of the debt serving as the basis for

the debt collector's collection efforts. Pursuant to 15 U.S.C. § 1692g(a)(2), a debt collector must adequately provide "the name of the creditor to whom the debt is owed."

35. Defendant violated § 1692g(a)(2) through its failure to sufficiently identify the name of the creditor to whom the debt is owed. Defendant repeatedly used acronyms which were completely unknown to Plaintiff in reference to its identification of the "current creditor" in the Collection Letter. Defendant added further layers to this confusion by referencing two different entities, one of whom was acting as trustee on behalf of another, yet Plaintiff had no way of knowing the precise entities and the nature of their relationship. Defendant's Collection Letter at no point clarifies this confusion, instead merely stating that it was asked to contact Plaintiff regarding the subject debt – without stating on whose behalf it was acting. As such, Defendant's identification of the creditor to whom the subject debt was owed created an inappropriate amount of guesswork in Plaintiff and the unsophisticated consumer as to the *precise* entity to whom the subject debt was owed, demonstrating Defendant's violations of § 1692g(a)(2).

WHEREFORE, Plaintiff, JASON WALLACE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 30, 2020                              Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com
